IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 14- |
|---|---|---|
| v. | : | DATE FILED: 6-26-14 |
| KEVIN N. BOARDMAN | : | VIOLATIONS: 18 U.S.C. § 1341 (mail fraud - 10 counts) |
|  | : | Notice of Forfeiture |

## INDICTMENT

## COUNTS ONE THROUGH TEN

**THE GRAND JURY CHARGES THAT:**

At all times material to this indictment:

1. Defendant KEVIN N. BOARDMAN was a pilot who served as Director of Aviation and Chief Pilot at a family-owned investment management company ("Company A"), at its Aviation Department located in Delaware County. Defendant BOARDMAN had joined Company A in 1998 as a pilot and rose to the Director position in 2002.

2. Defendant KEVIN N. BOARDMAN established Optical Axes, Inc. ("Optical Axes") and Airside Monitor LLC ("Airside"), which were front companies that supplied no goods and provided no services. Optical Axes purportedly operated from Lakewood, New York, and Airside from Dover and Wilmington, Delaware.

3. Defendant KEVIN N. BOARDMAN established Custom Duds LLC ("Custom Duds") as a supply company that specialized in embroidering logos onto custom apparel and other items, such as shirts and jackets worn by pilots.

4.      Due to his position at Company A, defendant KEVIN N. BOARDMAN had use of a company credit card, which was to be used only in connection with business expenses.

## THE SCHEME

5.      From in or about October 2006, to in or about December 2013, defendant

## KEVIN N. BOARDMAN

devised and intended to devise a scheme to defraud Company A, and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

## MANNER AND MEANS

It was part of the scheme that:

6.      Defendant KEVIN N. BOARDMAN devised multiple methods of embezzling funds from his employer, eventually stealing over $2.7 million from Company A.

It was further part of the scheme that:

7.      In 2006, defendant KEVIN N. BOARDMAN submitted to Company A an invoice from Optical Axes in the amount of $224,700 for goods delivered, when in fact no goods were delivered to Company A by Optical Axes.

8.      From 2007 through 2013, defendant KEVIN N. BOARDMAN submitted to Company A approximately 50 invoices from Airside totaling approximately $2.4 million for goods and services delivered, when in fact no goods or services were ever provided to Company A by Airside.

9.      Between 2009 and 2013, defendant KEVIN N. BOARDMAN reached out to third party businesses which owed money to Company A and directed them to pay Airside and Custom Duds instead of Company A because, he claimed, Company A owed money to Airside

and Custom Duds. In fact, Company A did not legitimately owe money to Airside or Custom Duds. The total amount of misdirected third party payments to Airside and Custom Duds was over $65,000.

10. Defendant KEVIN N. BOARDMAN submitted and caused to be submitted false and inflated invoices from Custom Duds to Company A for goods and services that were never provided.

11. Defendant KEVIN N. BOARDMAN used his company credit card to pay for personal expenses without reimbursing Company A.

12. On or about each of the following dates, in the Eastern District of Pennsylvania, and elsewhere, defendant

**KEVIN N. BOARDMAN,**

for the purpose of executing the scheme described above, and attempting to do so, and aiding and abetting its execution, knowingly caused to be delivered by mail according to the directions thereon, checks in the following amounts from Company A to Airside, which were payments for the false representations to Company A that goods and services had been provided by Airside, when, in fact, none had been provided:

| COUNT | DATE | AMOUNT |
|---|---|---|
| 1 | 1/10/2013 | $46,500.00 |
| 2 | 3/7/2013 | $48,000.00 |
| 3 | 4/4/2013 | $39,000.00 |
| 4 | 4/18/2013 | $36,000.00 |
| 5 | 5/23/2013 | $28,000.00 |
| 6 | 7/11/2013 | $29,500.00 |

| COUNT | DATE | AMOUNT |
|---|---|---|
| 7 | 9/6/2013 | $38,760.00 |
| 8 | 10/11/2013 | $24,600.00 |
| 9 | 11/15/2013 | $19,200.00 |
| 10 | 12/19/2013 | $22,800.00 |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## **NOTICE OF FORFEITURE**

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Section 1341, set forth in this indictment, defendant

**KEVIN N. BOARDMAN**

shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly from the commission of such offenses, including, but not limited to the sum of $2,700,000.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

>  (a) cannot be located upon the exercise of due diligence;
>
>  (b) has been transferred or sold to, or deposited with, a third party;
>
>  (c) has been placed beyond the jurisdiction of the Court;
>
>  (d) has been substantially diminished in value; or
>
>  (e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461.

A TRUE BILL:

_____
GRAND JURY FOREPERSON

_____
ZANE DAVID MEMEGER
UNITED STATES ATTORNEY